HUNTER and others *v.* INTERNATIONAL RY. IMP. Co.

*(Circuit Court, S. D. New York.   January 27, 1886.)*

SUMMONS—SERVICE—CORPORATION ORGANIZED IN ANOTHER STATE—AGENT IN NEW YORK.

If a corporation, organized under the laws of the state of Colorado, have an office in the city of New York, and nowhere else, and all the persons competent to represent it be also in New York, service may be made upon its agents in that city.

Motion to Vacate Service of Process.

*Ewing & Southard,* for plaintiffs.

*Dillon & Swayne,* for defendants.

WALLACE, J. The defendant, a corporation organized under the laws of the state of Colorado, moves to vacate the service of process for the commencement of a suit made at the city of New York, in June, 1884, upon one Morosini, as its treasurer; upon one Hopkins, as its vice-president; and upon Pearsall and Eckert, as its directors, —upon the ground that the corporation was not an inhabitant of or found within this district at the time of service.

The corporation was organized to construct certain railways and telegraph lines in the states and territories of the United States and in the republic of Mexico. Its certificate of incorporation named the city of Denver, Colorado, as its principal place of business, but also authorized it to transact its business in the city of New York. The corporators were citizens of this state, as were also its directors and officers ever since its organization.

It is alleged by the defendant that in January, 1883, it transferred its contracts and concessions to another corporation, with a view of closing up its business, and at that time made a full and final dividend to its stockholders, ceased to transact business, and has held no corporate meetings since; and also that since that time it has had no officers or offices in the state of New York.

The affidavits are conflicting upon the point whether the corporation actually ceased to transact business in January, 1883, or not. The plaintiff's affidavits assert that the corporation was actively engaged in carrying on its business until December, 1883. It is undisputed that on the twenty-fourth of February, 1883, the annual report of the corporation, made by its president, was returned according to law, thus representing it to be an existing corporation. Whether the corporation has paid all its debts is also a disputed question of fact. It does appear, however, that the corporation was not carrying on business in Colorado when the writ was served here. It had no offices or officers there except theoretically. If it had any practical existence anywhere, the only evidence of the fact is found in the circumstances that the office in the city of New York, which had always been maintained at No. 71 Broadway prior to January 18, 1883, was not closed; that the sign of the corporation was still maintained there; and that the office was occupied by those persons who had always been its officers and directors. It does not appear that these persons have ever resigned as officers or directors, and, by the organic law of the corporation, they hold over until others are elected. Of course, the corporation is not legally dissolved; but continues to exist certainly to the extent necessary to enable its creditors to enforce their claims against it. It is an inhabitant of the state of Colorado, because it must dwell in the place of its creation, and cannot migrate to another sovereignty. It may be found in another state, however, and is found there for the purposes of being sued, if it carries on business there by its agents. But it is not constructively present in a state other than that of which it is an inhabitant, for the purpose of being sued, unless it carries on business there. *St. Claire* v. *Cox*, 106 U. S. 359; S. C. 1 Sup. Ct. Rep. 354; *Good Hope Co.* v. *Railway Barb Co.*, 22 Fed. Rep. 635.

The decision must therefore turn on the point whether the defendant was carrying on business here when the process was served. Manifestly it was not engaged in business elsewhere, because all its agents were here, and except here it gave no sign of life. If it was carrying on business here, the persons served were those who represented it in carrying on such business, because it had no other agents, and because these persons, its officers and directors, had legal authority to represent it so long as others had not been chosen in their places. Negotiations between these agents, or some of them, and the plaintiffs, had been on foot up to a recent date prior to the service of process; but, aside from this, there is nothing in the affidavits to

show that the agents of the defendant had been engaged during the year 1884 in any actual business transactions for the defendant. On the other hand, it would seem that the defendant still maintained its office at No. 71 Broadway. Although it asserts in its affidavits that it had no office here, this is merely a general statement of a conclusion, unsupported by any proof that it has canceled its lease, or surrendered actual possession of the premises. The statement may be true in the same sense that the accompanying statement is true that it has no officers within this state. If it keeps an office here, the implication is that the office is needed for the transaction of business. If it has its office here, and has one nowhere else; if all those who are competent to represent it are here, and nowhere else,—it must transact here whatever affairs may arise in the exigencies of a moribund concern.

Upon the whole, it would seem that the defendant is found here. The motion is therefore denied.